# IN THE UNITED STATES DISTRICT COURT
## THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **KEVIN FLECKINGER** <br> 7648 Falls Creek Way <br> Burlington, Kentucky 41005 <br><br> Plaintiff, <br><br> v. <br><br> **THE PUBLIC LIBRARY** <br> **OF CINCINNATI AND** <br> **HAMILTON COUNTY** <br> 800 Vine Street <br> Cincinnati, Ohio 45202, <br><br> and <br><br> **KIMBER L. FENDER** <br> c/o The Public Library of Cincinnati <br> and Hamilton County <br> 800 Vine Street <br> Cincinnati, Ohio 45202, <br> *in her official capacity as Director of* <br> *The Public Library*, <br><br> Defendants. | Case No.: 16-CV-00586 <br> Judge Susan J. Dlott <br><br><br> **FIRST AMENDED COMPLAINT WITH** <br> **JURY DEMAND** |

Comes now the Plaintiff, Kevin Fleckinger, and for his Complaint against Defendants, The Public Library of Cincinnati and Hamilton County and Kimber L. Fender, states as follows:

## JURISDICTION AND VENUE

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

2. Venue is appropriate in this judicial district as the Defendant conducts business within the Southern District of Ohio.

## PARTIES

3. Plaintiff, Kevin Fleckinger, is an HVAC Control Specialist for The Public Library of Cincinnati and Hamilton County.

4. Defendant is The Public Library of Cincinnati and Hamilton County (the "Public Library"), a political subdivision of the State of Ohio. The Public Library may be served at its Main Library location at 800 Vine Street, Cincinnati, Ohio 45202.

5. Defendant Kimber L. Fender ("Fender") is Director of the Public Library. Plaintiff brings this action against Fender in her official capacity as Director of the Public Library. She may be served at the Main Library location at 800 Vine Street, Cincinnati, Ohio 45202.

## FACTS COMMON TO ALL COUNTS

6. The Public Library provides various services from locations throughout Hamilton County, Ohio.

7. Upon information and belief, the Public Library operates as an enterprise as that term is defined under the regulations enforcing the Fair Labor Standards Act (the "FLSA" or "Act").

8. The Public Library is a "public agency" within the meaning of FLSA § 203(x).

9. The Public Library is an "employer" within the meaning of FLSA § 203(d) and is not exempt from any provisions under the Act.

10. The Public Library employs a maintenance staff to maintain its premises throughout Hamilton County.

11. The members of The Public Library's maintenance staff are employees of The Public Library as that term is defined under the Act.

12. Plaintiff is employed by The Public Library as a member of Defendants' maintenance staff and is an employee within the meaning of FLSA § 203(e)(2)(C).

13. Plaintiff is, and was at all relevant times, an HVAC Control Specialist whose function is to service, maintain, and repair the HVAC systems on The Public Library's premises.

14. Since beginning employment with The Public Library, Plaintiff has at all times received an IRS Form W-2, Wage and Tax Statement.

15. Plaintiff is an employee entitled to the minimum wage and overtime provisions of the FLSA.

16. Plaintiff is paid on an hourly basis at a regular rate of $24.49.

17. Plaintiff works Monday through Friday and is required to report to the Public Library's Main Library location at 7:30 a.m.  Plaintiff is required to work until 4:00 p.m. and is given a 30 minute lunch break.

18. The Public Library's maintenance staff is responsible for monitoring and adjusting The Public Library's HVAC systems.  The HVAC systems installed on The Public Library's premises are automated and send alerts to maintenance staff when attention is required ("Maintenance Alerts").

19. In addition to responding to Maintenance Alerts, the maintenance staff is responsible for responding to requests to adjust a location's temperature ("Hot/Cold Calls").

20. The maintenance staff receives Maintenance Alerts and Hot/Cold Calls during normal business hours, throughout the evening and overnight, and over the weekend ("After Hours Calls").

21. In particular, the HVAC system generates automatic Maintenance Alerts whenever service is necessary, regardless of the day or time.

22. From 2011 to May 2014, Plaintiff was the sole maintenance staff member to receive the Maintenance Alerts and Hot/Cold Calls.

23. Plaintiff received Maintenance Alerts and Hot/Cold Calls 365 days per year, regardless of whether he was on vacation or sick, and was responsible for appropriately responding.

24. If Plaintiff received a Maintenance Alert, he alone was responsible for reviewing the alert, assessing the situation, and taking the necessary corrective actions.

25. At times, the Maintenance Alerts were not immediate and could be addressed the following business day. On other occasions, the Maintenance Alerts required an immediate response.

26. Plaintiff was also required to adjust the temperature in The Public Library's locations upon receiving Hot/Cold Call after hours.

27. When an after-hours response was necessary, based on the required action, Plaintiff would either physically go on The Public Library's premises to correct the situation or he would remote in to The Public Library's HVAC system from outside The Public Library's premises.

28. From 2011 to May 2014, Plaintiff received an after-hours call daily.

29. During this period, Plaintiff worked approximately 50 to 60 hours per week.

30. In May 2014, The Public Library hired additional maintenance staff members. Some of the newly hired staff shared responsibility for responding to Maintenance Alerts and

4

Hot/Cold Calls. After May 2014, Plaintiff was primarily responsible for Maintenance Alerts and received fewer after hours Hot/Cold Calls.

31. In early 2015, the Public Library instituted a new policy which required that all Hot/Cold Calls be made before the close of business. After this policy was instituted, Plaintiff no longer received Hot/Cold Calls.

32. In early 2016, The Public Library changed its HVAC maintenance response system. Currently, Plaintiff is "on-call" one week out of every nine weeks. Plaintiff logs all hours worked, including those worked after hours. In accordance with management directives, once Plaintiff has worked 40 hours in one week, he does not report for work.

33. At all relevant times, Plaintiff regularly worked in excess of 40 hours per week.

34. The Public Library never paid any overtime to Plaintiff for the time worked in excess of 40 hours per week.

35. Defendants knew that Plaintiff should have been paid overtime for such work.

**COUNT ONE**
**(Claim for Overtime; 29 U.S.C. §207)**

36. Plaintiff incorporates by reference the foregoing paragraphs as if fully restated herein.

37. The above facts support Plaintiff's claims for relief under the FLSA.

38. The Public Library's failure to compensate Plaintiff at the rate of time-and-a-half for all hours he worked in excess of 40 hours per week is a violation of Section 207 of the FLSA.

39. The Defendants' violations were in bad faith, intentional, and willful.

40. Plaintiff is entitled to have his overtime for a period of three years from the date of this action and an equal amount as liquidated damages.

**WHEREFORE,** Plaintiff prays that this Court award him the following relief:

1. Award Plaintiff payment for his overtime during the three years preceding the filing of this Complaint, calculated at one and one-half times his normal hourly rate;

2. Award liquidated damages;

3. Award prejudgment interest on all back wages and unpaid overtime;

4. Award all legal and equitable damages and remedies available under the law to effectuate the purposes of the FLSA, without limitation;

5. Award attorneys' fees and costs; and

6. Such other and further relief this Court deems just, equitable and proper.

Respectfully submitted,

/s/ Deepak K. Desai
Deepak K. Desai (0061260)
Katlin E. Rust (0092303)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
(513) 852-5984 *telephone*
(513) 852-5994 *facsimile*
dkd@santen-hughes.com
ker@santen-hughes.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

/s/ Deepak K. Desai
Deepak K. Desai (0061260)

605162_1