UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **KEVIN FLECKINGER,** | : | **CASE NO.  1:16-CV-00586** |
| **Plaintiff,** | : | **Judge Dlott** |
| vs. | : | **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| **PUBLIC LIBRARY OF CINCINNATI AND HAMILTON COUNTY, et al.** | : | |
| **Defendants.** | : | |
| | : | |

Now come the Defendants[1] by and through counsel, and hereby answer Plaintiff's First Amended Complaint as follows:

**FIRST DEFENSE**

1. No response is necessary to paragraph 1 of the Amended Complaint.

2. Defendants admit paragraph 2 of the Amended Complaint.

3. Regarding the allegations in paragraph 3 of the Amended Complaint, Defendants admit Plaintiff was a HVAC Mechanic I from July 2, 2000, through April 16, 2011, and a HVAC Control Specialist from April 17, 2011, through July 10, 2016, on which date he resigned his position with the Public Library of Cincinnati and Hamilton County ("Public Library"); Defendants deny the remaining allegations.

4. Regarding the allegations in paragraph 4 of the Amended Complaint, Defendants admit the Public Library is a political subdivision of the State of Ohio; Defendants deny the remaining allegations.

---

[1] The Public Library of Cincinnati and Hamilton County is not *sui juris*, and therefore not a proper party/defendant. The entity may only be sued by naming a current official and/or current employee in his or her official capacity.  By answering on behalf of this putative defendant, Defendants do not waive this defense.

5. Regarding the allegations in paragraph 5, Defendants admit the allegation that Defendant Fender is Director of the Public Library; Defendants deny that Defendant Fender may be served at the Main Library location at 800 Vine Street, Cincinnati, Ohio 45202; no response is required to the remaining allegations.

6. Defendants admit the allegations in paragraph 6 of the Amended Complaint.

7. Defendants deny the allegations in paragraph 7 of the Amended Complaint.

8. Defendants admit the allegations in paragraph 8 of the Amended Complaint.

9. Defendants admit the allegations in paragraph 9 of the Amended Complaint.

10. Defendants admit the allegations in paragraph 10 of the Amended Complaint.

11. Defendants admit the allegations in paragraph 11 of the Amended Complaint.

12. Regarding the allegations in paragraph 12 of the Amended Complaint, Defendants admit that Plaintiff was employed by the Public Library as a member of Defendants' facilities staff and was an employee within the meaning of the FLSA until the date of his resignation, July 10, 2016; Defendants deny the remaining allegations.

13. Regarding the allegations in paragraph 13 of the Amended Complaint, Defendants admit Plaintiff was an HVAC Control Specialist from April 17, 2011, through July 8, 2016, whose function was the design, installation and on-going operation of HVAC control systems; Defendants deny the remaining allegations.

14. Defendants admit the allegations in paragraph 14 of the Amended Complaint.

15. Defendants admit the allegations in paragraph 15 of the Amended Complaint.

16. Regarding the allegations in paragraph 16 of the Complaint, Defendants admit Plaintiff was paid on an hourly basis at a regular rate of: $24.49 April 10, 2016 through July 8, 2016;

$24.25 April 12, 2015 through April 9, 2016; $23.66 April 13, 2014 through April 11, 2015; $23.08 April 14, 2013 through April 12, 2014; $22.30 April 15, 2012 through April 13, 2013; $21.56 April 17, 2011 through April 14, 2012; Defendants deny the remaining allegations.

17. Regarding the allegations in paragraph 17 of the Amended Complaint, Defendants admit the allegations but only with the caveat that Plaintiff's schedule fluctuated based on business needs and Plaintiff was expected to, and did, flex his schedule so as to work no more than 40 hours per week.

18. Regarding the allegations in paragraph 18 of the Amended Complaint, Defendants admit that the Public Library's facilities staff is responsible for monitoring and adjusting the Public Library's HVAC systems and that the HVAC systems installed on some of the Public Library's premises are automated and send alerts to facilities staff when attention is required; Defendants deny the remaining allegations.

19. Regarding the allegations in paragraph 19 of the Amended Complaint, Defendants admit that in addition to responding to Maintenance Alerts the facilities staff is responsible for responding to requests to adjust a location's temperature; Defendants deny the remaining allegations.

20. Regarding the allegations in paragraph 20 of the Amended Complaint, Defendants admit the facilities staff receives Maintenance Alerts during normal business hours, throughout the evening and overnight and on weekends, and Hot/Cold calls during regular business hours; Defendants deny the remaining allegations.

21. Regarding the allegations in paragraph 21 of the Amended Complaint, Defendants admit the HVAC systems at some branch locations generate automatic Maintenance Alerts when service is necessary regardless of the day or time, and that some of these Alerts require action; Defendants deny the remaining allegations.

22. Regarding the allegations in paragraph 22 of the Amended Complaint, Defendants admit from 2011 to May 2014 Plaintiff was the primary facilities staff member to receive the Maintenance Alerts and Hot/Cold Calls; Defendants deny the remaining allegations.

23. Defendants deny the allegations in paragraph 23 of the Amended Complaint for lack of knowledge.

24. Defendants deny the allegations in paragraph 24 of the Amended Complaint.

25. Defendants admit the allegations in paragraph 25 of the Amended Complaint.

26. Regarding the allegations in paragraph 26 of the Amended Complaint, Defendants admit that Plaintiff was required to adjust the temperature in the Public Library's locations upon receiving Hot/Cold calls during Library business hours; Defendants deny the remaining allegations.

27. Defendants admit the allegations in paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations in paragraph 28 of the Amended Complaint for lack of knowledge.

29. Defendants deny the allegations in paragraph 29 of the Amended Complaint.

30. Regarding the allegations in paragraph 30 of the Amended Complaint, Defendants admit in May 2014 the Public Library hired additional facilities staff members, admit some of the newly hired staff shared responsibility for responding to Maintenance Alerts and Hot/Cold calls, and admit after May 2014 Plaintiff was the employee primarily responsible for Maintenance Alerts and received fewer Hot/Cold calls; Defendants deny the remaining allegations in paragraph 30 of the Amended Complaint.

31. Regarding the allegations in paragraph 31 of the Amended Complaint, Defendants admit in early 2015 the Public Library instituted a procedure change which required that all Hot/Cold calls be made before the facilities staff close of business, and that after this procedure change was

4

instituted Plaintiff no longer received Hot/Cold calls after facilities' business hours; Defendants deny the remaining allegations.

  32. Regarding the allegations in paragraph 32 of the Amended Complaint, Defendants admit that in early 2016 the Public Library changed its HVAC maintenance response system at which time Plaintiff was on-call one week out of every nine weeks; Defendants further admit that at all times during Plaintiff's employment as a HVAC Control Specialist he was, in accordance with management directives, required to log all hours worked including those worked after hours, and once he worked 40 hours in one week he did not report for work; Defendants deny the remaining allegations.

  33. Defendants deny the allegations in paragraph 33 of the Amended Complaint.

  34. Defendants deny the allegations in paragraph 34 of the Amended Complaint.

  35. Defendants deny the allegations in paragraph 35 of the Amended Complaint.

  36. No response is required to paragraph 36 of the Amended Complaint.

  37. Defendants deny the allegations in paragraph 37 of the Amended Complaint.

  38. Defendants deny the allegations in paragraph 38 of the Amended Complaint.

  39. Defendants deny the allegations in paragraph 39 of the Amended Complaint.

  40. Defendants deny the allegations in paragraph 40 of the Amended Complaint.

## SECOND DEFENSE

  41. Defendants deny each and every allegation of the Amended Complaint not previously expressly admitted to be true.

## THIRD DEFENSE

  42. The Amended Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

5

43. Any actions taken by Defendants which may have affected Plaintiff, directly or indirectly, were in the execution of Defendants' duties as provided by law, and were undertaken in good faith, with probable cause and without malice.

## FIFTH DEFENSE

44. Plaintiff's injuries, if any, are the direct and proximate result of actions or failures to act on his own part or on the part of parties other than Defendants and for whom Defendants are not responsible according to law.

## SIXTH DEFENSE

45. Punitive damages may not be imposed on Defendants under state or federal law.

## SEVENTH DEFENSE

46. Defendants hereby assert all applicable immunities and defenses available under Ohio Revised Code Chapter 2744.

## EIGHTH DEFENSE

47. Defendants are immune from liability at common law and under both state and federal law, as any action undertaken by Defendants which may have affected Plaintiff was undertaken in good faith, with probable cause and/or in the execution of duties as provided by law.

## NINTH DEFENSE

48. Plaintiff has failed to exhaust administrative agency remedies.

## TENTH DEFENSE

49. This Court lacks jurisdiction over the subject of the Amended Complaint.

## ELEVENTH DEFENSE

50. Plaintiff's claims are barred by the applicable statute(s) of limitations.

## TWELFTH DEFENSE

51. Plaintiff assumed the risk of all his alleged injuries and damages.

### THIRTEENTH DEFENSE

52. This Court lacks jurisdiction over the "person" of Defendant(s).

### FOURTEENTH DEFENSE

53. All Defendants are protected by absolute or qualified immunity.

### FIFTEENTH DEFENSE

54. Putative Defendant The Public Library of Cincinnati and Hamilton County is not *sui juris.*

55. Defendants hereby provide notice that they intends to assert and rely upon all affirmative defenses, immunities, avoidances, counterclaims, cross-claims and/or third party claims, which become available or apparent during the course of discovery or trial, and the Defendants hereby reserve the right to amend their Answer to assert any and all such defenses, immunities, avoidances, counterclaims, cross-claims, and/or third party claims.

WHEREFORE, having fully answered, Defendants demand that Plaintiff's Amended Complaint be dismissed, with prejudice and at Plaintiff's cost, and that the Court grant Defendants such further relief as it deems just and proper under the circumstances of the cause.

    Respectfully submitted,

    JOSEPH T. DETERS
    PROSECUTING ATTORNEY
    HAMILTON COUNTY, OHIO

    /s/ *Kathleen H. Bailey*, 0059660
    Kathleen H. Bailey, 0059660
    Pamela J. Sears, 0012552
    Assistant Prosecuting Attorneys
    Hamilton County, Ohio
    230 E. Ninth Street, Suite 4000
    Cincinnati, OH 45202
    DDN: (513) 946-3289
    FAX: (513) 946-3018
    TRIAL ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Kathleen H. Bailey*
Kathleen H. Bailey
Assistant Prosecuting Attorney

494222